IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORIO FLORES, | : | |
| | : | 1:12-cv-617 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| MICHAEL BUFFINGTON and | : | |
| AMY CLEWEL, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

### May 7, 2012

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 10), filed on April 23, 2012 which recommends that we dismiss the complaint for failure to state a claim upon which relief may be granted.  The Magistrate Judge further recommends that no leave to amend be granted on the grounds that amendment would be futile.  Plaintiff Gregorio Flores ("Plaintiff" or "Flores") filed objections to the R&R (Doc. 13) on May 1, 2012.[1]  Accordingly, this matter is ripe for our disposition.

---

[1] Plaintiff also filed a document on April 24, 2012 which we construe to be a supplement to his pleading in this case, and we shall consider it as such.

1

For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety and close this case.

## I. PROCEDURAL BACKGROUND

On April 4, 2012, Plaintiff commenced this action against Defendants Michael Buffington ("Buffington"), a parole officer with the Pennsylvania Board of Probation and Parole ("Parole Board"), and Amy Clewell ("Clewell"), a supervisory official with the Parole Board. The Plaintiff's claims stem from parole violation charges brought against him by the Defendants, and the subsequent revocation of his parole.

In November of 2011, the Defendants charged the Plaintiff with violating the conditions of his parole by failing to refrain from assaultive behavior and by failing to refrain from possessing any firearms or other weapons. The charges arose out of an incident between the Plaintiff and his girlfriend on November 14, 2011, which culminated in Flores' girlfriend reporting the Plaintiff's threats to her to the Allentown Police Department. The police responded, ordered that the Plaintiff leave the residence, and escorted the girlfriend to the local courthouse to obtain a protection from abuse order. On the same date as the contact with the police, Plaintiff's girlfriend reported to Buffingotn, during Buffington's unannounced home visit to Plaintiff's residence, that Plaintiff was beating and

threatening her, and was stealing money from her in order to purchase drugs. Plaintiff's girlfriend made a written statement describing the events and also turned over a knife which she alleged that Plaintiff had held to her throat. The following day, on November 15, 2011, Plaintiff's girlfriend called the police and reported that Plaintiff had kicked in the front door of her residence and then fled on foot. On a search of Plaintiff made that day by Buffington, Buffington discovered a knife on Plaintiff's person and arrested him.

In the complaint, Plaintiff alleges that his arrest was illegal. He further alleges that the statement written by his girlfriend concerning Plaintiff holding a knife to her throat is untrue, and was in fact written by Buffington. Further, although Plaintiff does not dispute that he had a knife on his person when he was arrested, he contends that the knife was a work tool and not a weapon. Plaintiff also alleges that Buffington illegally searched his sister's residence without a warrant and seized some of his property. Finally, Plaintiff appears to be challenging the revocation of his parole in that he seeks dismissal of the parole violation and his release.

## II.     STANDARD OF REVIEW[2]

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III.    DISCUSSION

Based on the nature of Plaintiff's allegations, Magistrate Judge Smyser construes his claims as to be brought pursuant to 42 U.S.C. § 1983.  It is firmly established that § 1983 "imposes civil liability upon any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Shuman v.*

---

[2] Pursuant to the Plaintiff's *in forma pauperis* status, Magistrate Judge Smyser undertook a review of the complaint pursuant to 28 U.S.C. §1915A.  The standards applicable to §1915A review are set forth in detail at pages 4-6 of the Magistrate Judge's report, thus we shall not repeat them herein.

*Penn Manor School Dist.*, 422 F. 3d 141, 146 (3d Cir. 2005). Magistrate Judge Smyser concludes that, to the extent Plaintiff is challenging his parole revocation, that this claim must be brought pursuant to a habeas corpus petition, not a § 1983 claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(when a prisoner is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus."). Further, the Magistrate Judge concludes that to the extent the Plaintiff seeks damages based on the revocation of his parole, that claim is also barred because the parole revocation has not been set aside by any court of competent jurisdiction. *See Heck v. Humphrey*, 512 U.S. 477 (1994)("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus. We agree with the Magistrate Judge's reasoning and conclusion on this point, and further agree that it would be improvident to permit the Plaintiff to amend these claims, inasmuch as it is readily apparent, from the relief Plaintiff

5

seeks, that his parole revocation has not been set aside.  Thus, any amendment would necessarily be futile.

Next, Magistrate Judge Smyser undertook an analysis of the Plaintiff's Fourth Amendment claims.  It is axiomatic that the Fourth Amendment requires government officials to have both probable cause and a warrant to conduct a search in order for a search to be lawful.  However, parolees have a diminished expectation of privacy given the state's substantial interest in reducing recidivism, thus no more than a reasonable suspicion is required to search a parolee and his property.  *See United States v. Knights*, 534 U.S. 112 (2001).  Given that the Plaintiff's girlfriend called the police and reported to the police, and later in a written statement to Buffington, that the Plaintiff was threatening her and causing her physical harm, we agree with Magistrate Judge Smyser that reasonable suspicion existed to warrant a search of the Plaintiff and his residence.[3]  Moreover, even if, as Plaintiff contends, the portion of statement concerning Flores holding a knife to his girlfriend's neck was falsely penned by Buffington, the initial call made by Plaintiff's girlfriend to the police and the subsequent police contact with the Plaintiff were substantial enough to rise to the level of a reasonable suspicion

---

[3] Plaintiff disputes his girlfriend's statements only to the extent that he claims he never held a knife to his girlfriend's throat.

to search Plaintiff and his residence. Further, any claim of illegal arrest fails because Plaintiff was found to be in possession of a knife at the time he was arrested, which was a clear violation of the terms of his parole. Finally, we agree that any attempt at amendment of these claims would be futile, inasmuch as reasonable suspicion clearly existed to arrest the Plaintiff on parole violations.

The Plaintiff's "objections" to the R&R voice his essential disagreement with the Magistrate Judge's recommendations and are nothing more than are-hash of the allegation contained in his original complaint. Plaintiff gives no substantive legal or factual basis for his objections. Thus, in light of the Plaintiff's non-substantive and unsupported objections, we shall exercise our discretion when reviewing the Magistrate Judge's R&R to place reliance on Magistrate Judge Smyser's reasoning and shall adopt his recommendations in full.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.